UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : DOCKET NO.3:02CR311 (AWT) |
| | : |
| GARY BLONDER | : May 5, 2005 |

## GOVERNMENT'S SECOND SUPPLEMENTAL
## SENTENCING MEMORANDUM

This memorandum is submitted in response to defendant Blonder's Supplemental Sentencing Memorandum dated April 29, 2005. Most of the issues argued in his latest memorandum have been previously addressed in the Government's memoranda of July 23, 2004 and March 16, 2005 and will not be repeated here. This response will address solely his new arguments.

**I.    Defendant's Argument that his Sentence
May Not Exceed Sixteen Months Should be Rejected.**

Defendant claims in footnote one, page seven, of his latest memorandum that his sentence may not exceed 16 months under *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (U.S. Jan. 12, 2005). *See* Def. Memo. 4/29/2005, at 7, n.1. This statement is erroneous. *Booker* has dramatically revised the role of the Sentencing Guidelines by making them advisory rather than mandatory. However, there is nothing in *Booker* that limits the Court's discretion by making the high end of the advisory Guidelines range the maximum sentence a court may impose. In fact, as the operative word in *Booker (*"advisory") suggests, the court must consider the Guidelines range for guidance on an appropriate sentence, but is free to sentence above or below the applicable

range, as long as the basis for doing so is reasonable. *See United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005) (explaining sentencing judge must determine, among other essential things, whether to impose a sentence within the applicable Guidelines range or a "non-Guidelines sentence."). Indeed, as the Second Circuit explained in *Crosby*:

> As a result of the Remedy Opinion [authored by Justice Breyer] in *Booker/Fanfan*, . . . the maximum lawful sentence is the statutory maximum sentence, and because judicial fact-finding under advisory guidelines cannot increase that lawful maximum, judicial fact-finding now encounters no Sixth Amendment difficulties.

397 F.3d 109, n.6.

Defendant Blonder argues nonetheless that a sentence above the top of the suggested Guidelines range - 16 months - even if within the statutory maximum, would violate the *ex post facto* clause and his due process rights. *See* Def. Memo. dated Apr. 29, 2005, at 7, n.1. In other words, the defendant argues that this Court should apply the constitutional holding in *Booker* but not the remedial holding authored by Justice Breyer. The opinion announced by Justice Breyer in *Booker* directs otherwise. *See Booker*, 125 S. Ct. at 769 ("As these dispositions indicate, we must apply today's holdings - - both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - - to all cases on direct review."). Further, though the Second Circuit has not addressed the *ex post facto* and due process concerns raised by the defendant, other courts faced with this issue have rejected the same argument. *See United States v. Duncan*, 400 F.3d 1297, 1307-08 (11th Cir. 2005) (rejecting defendant's creative *ex post facto* claim that retroactive application of Justice Breyer's opinion would violate the due process clause, finding that defendant had sufficient warning of the potential statutory maximum penalty for his conduct); *United States v. Gray*, - - - F. Supp. 2d ..., 2005 WL 613645 (S.D.W.Va. Mar.

17, 2005)[1] (same). Relying on the reasoning of the Eleventh Circuit in *Duncan*, the district court in *Gray* explained:

> [A]t the time of the defendant's conduct, federal sentencing jurisprudence looked to the United States Code as establishing maximum sentences. . . . although mandatory Guidelines were in place, the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence . . . . , In fact, before *Blakely* [*v. Washington,* 124 S. Ct. 2531 (2004)] was decided, every federal court of appeals had held that *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] did not apply to Guideline calculations made within the statutory maximum.

*Gray*, 2005 WL 613645 at p. 11 (quoting *Duncan*, 400 F.3d at 1307-08)(other citations and internal quotations omitted). *See also United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

As in *Duncan* and *Gray*, in the instant case, defendant Blonder "had fair warning of the potential consequences of [his criminal] conduct by virtue of the statutory maximums set by the United States Code." *Id.* Likewise, any "surprise" Blonder "may have experienced upon learning that the Guidelines were no longer mandatory is not analogous to the surprise experienced by the defendants in [Supreme Court cases] *Bouie* and *Marks*, who learned that their conduct, innocent when it was done, had become a crime after the fact." *Gray*, 2005 WL 613645 at p. 11 (citing *Bouie v. Columbia*, 378 U.S. 347 (1964) and *Marks v. United States*, 430 U.S. 188 (1977)). *See also Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (clarifying the Court's holdings in *Bouie* and *Marks*, but reaffirming that "limitations on *ex post facto* judicial decisionmaking are inherent in the notions of due process). At the time of Blonder's offense in this case - - a materially false statement made on December 8, 2000, in violation of 18 U.S.C. § 1001(a)(3) - - the statute

---

[1] Publication page references are not available for this document. For ease of reference, however, page numbers from the Westlaw printout have been inserted.

provided a maximum penalty of five years imprisonment for this offense. Accordingly, although the top of the defendant's advisory Guidelines range is 16 months, the Court may sentence him to any term of imprisonment up to the statutory maximum of five years so long as the Court has a reasonable basis for doing so.

II.     **The Court Should Reject the Defendant's Suggestion to Disregard the Parties' Stipulated Loss for Calculating the Applicable Guidelines Range.**

Prior to the defendant's guilty plea the defendant, his attorney and his forensic accountant spent many hours reviewing the defendant's financial records to arrive at a stipulated loss for purposes of calculating his applicable guideline range. The defendant now asks this Court to ignore that figure. *See* Def. Memo. dated Apr. 29, 2005, at 17. He further suggests that his conduct caused no loss but only delayed payment of restitution. This argument, which was addressed more fully in the Government's first sentencing memorandum, fails in several ways. First, had he truthfully responded to the interrogatories of United States Attorney's Office Financial Litigation Unit, action could have been taken to seize the bond or to require liquidation and payment on the debt. Second, the fact that he concealed the asset to (as he now claims) operate his business does not excuse his crime. He was ordered by this Court to make restitution and it was not his choice to conceal assets and use them for other purposes. Third, his suggestion the Government and Probation were and are satisfied with his $200 monthly payment is incorrect. While no request for an increase has been made, it is only because this matter has been pending. In fact, in the Government's view Blonder should not be permitted to continue to extravagantly spend "company money" on dinners, cars, travel and hotels, while making token only restitution payments.

III.    **The Defendant's Family Circumstances Do Not Warrant a More Lenient Sentence.**

As set forth in the Government's first response, the defendant's request for a downward departure based on extraordinary family circumstances is without merit. In his latest memo, he claims that his parents are financially dependant and his incarceration would result in hardship. This argument implies that his debt to his father has precedent over his payment of restitution. In fact, however, the money owed to his father is in repayment of a loan made in connection with this case and it would be illogical to reduce his sentence so that he can continue repaying a debt voluntarily assumed after indictment.

IV.     **Supervised Release Violation**

The defendant again argues that this Court should not impose any incremental term of punishment for his violation of his terms of supervised release in <u>United States v. Gary S. Blonder</u>, docket number 3:99CR32., but instead should run any sentence concurrently with the new case. As expressed in our original sentencing memorandum, it is the Government's position that upon a finding of a violation, the defendant should be sentenced to a consecutive term of imprisonment of 12 months. This is a fair and reasonable sentence in light of the fact that he received such a substantial break from Judge Dorsey and then engaged in further criminal activity while under supervision.

The maximum sentence which may be imposed upon a finding of a violation is up to two years imprisonment while the sentencing guideline range is 6 to 12 months. Furthermore, as noted in the Probation Petition for violation, since his sentence in the last case was a downward departure (he got 4 months in a half-way house when the range was 12 to 18 months), under U.S.S.G. § 7B1.4, Application Note 4, this Court may depart upward on that basis.

Blonder argues that this Court should not depart upward because first, it "would violate

5

the [his] sixth amendment rights as articulated in Booker and second, because "it appears that the Court departed downward, *sua sponte*, and not on the Defendant's request." (Def. Supp. Sent. Memo, 4/29/2005, p.35) This argument is without merit.

First, the downward departure was **not** *sua sponte,* but in response to a motion by Blonder. Therefore, Judge Dorsey gave him a substantial break when he required him to serve only four months in community confinement. Second, district judges are not barred from making factual findings relevant to sentencing issues. As the Second Circuit explained in *Crosby*:

> ...with the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection. Thus, the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence.

*Crosby,* 397 F.3d at 112.

## **CONCLUSION**

For the above reasons, and those stated in the Government's previous submissions, the Government requests this Court deny the motion for a downward departure and sentence the defendant at the top of the applicable Guidelines range. The Government further requests that

any sentence imposed for violating the terms of supervised release run consecutively to the sentence in the underlying case.

         Respectfully Submitted,

         KEVIN J. O'CONNOR
         UNITED STATES ATTORNEY


         JAMES G. GENCO
         ASSISTANT UNITED STATES ATTORNEY
         Federal Bar No. ct00360
         LISA E. PERKINS
         ASSISTANT UNITED STATES ATTORNEY
         Federal Bar No. ct.23164
         United States Attorney's Office
         Federal Building
         450 Main Street
         Hartford, CT 06103
         (860)947-1101

## CERTIFICATION OF SERVICE

      I hereby certify that a copy of the above and foregoing has been mailed, postage prepaid, on this 5th day of May 2005 to:

James W. Bergenn, Esq.
Moira L. Buckley, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06013-2819

 

                                                                         _____
                                                                        James G. Genco
                                                                        Assistant United States Attorney