UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:02cr311 (AWT) |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| GARY BLONDER, | : | |
| DEFENDANT. | : | JUNE 2, 2005 |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM

The Defendant, Gary Blonder, submits this memorandum in response to the Government's Second Supplemental Sentencing Memorandum filed on May 5, 2005. This memorandum addresses the Government's claim that the Court may sentence Mr. Blonder to any term of imprisonment up to the statutory maximum of five years. The Government's second supplemental memorandum represents the first time the Government has taken this position,[1] which requires the Defendant to respond to it. It is the Defendant's understanding, that in determining the appropriate sentence, the Court would consider the guideline range (10-16 months) along with the Defendant's arguments for downward departure, as well as the sentencing factors articulated in § 3553(a), none of which warrant a term of incarceration in excess of 16 months.

---

[1] The Government raised this claim in response to a footnote in the Defendant's supplemental memorandum.

I.   **THE INSTANT OFFENSE WAS COMMITTED PRIOR TO UNITED STATES v. BOOKER, 125 S.Ct. 738 (2005), THEREFORE DUE PROCESS LIMITS APPLICATION OF THE REMEDIAL PORTION OF THAT DECISION.**

In United States v. Booker, 125 S.Ct. 738 (2005), the Court held that Sixth Amendment jury trial protections apply to the federal sentencing guidelines. United States v. Booker, 125 S.Ct. 738, 756 (2005). To remedy the constitutional error, the Court judicially rewrote the statutory sentencing scheme making the guidelines advisory as opposed to mandatory. The Court intended for the remedy opinion to be applied to cases not yet final at the time of the Booker decision. Id. at 769. The Court was not asked, and did not address, whether the due process clause of the Fifth Amendment precluded courts from applying the remedy of Booker to disadvantage defendants whose offenses pre-dated the Booker decision, but whose cases were not final at the time the decision was rendered.

In Bouie v. City of Columbia, 378 U.S. 347 (1964) and Marks v. United States, 430 U.S. 188 (1977), the United States Supreme Court applied ex post facto rationale to its determination that due process principles of notice, foreseeability, and right to fair warning are fundamental to our concept of constitutional liberty. In both cases the Court held that due process prohibited courts from altering and applying criminal punishment to a defendant's disadvantage, through the judicial construction of a statute, after the crime was committed. "If a judicial construction of a criminal statute is 'unexpected and

2

indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." Rogers v. Tennessee, 532 U.S. 451, 457 (2001) (quoting Bouie, 378 U.S. at 354).

The remedial majority in Booker, through its interpretation of the Sentencing Reform Act, effectively raised the statutory maximum penalty that may be imposed for federal crimes. "[T]he statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Booker, 125 S.Ct. at 749 (quoting Blakely, 124 S.Ct. at 2537). Consequently, under the mandatory federal guideline system that was in effect until Booker was decided, the "statutory maximum" sentence is ***the top of the guideline range***, as calculated solely on the basis of the facts found by the jury (beyond a reasonable doubt) or admitted by the defendant.

The remedial opinion in Booker, by striking the mandatory provision of the Sentencing Reform Act, effectively raised the statutory maximum ***from the top of the enhanced guideline range to the maximum allowed under the statute for the offense at issue.*** The remedial opinion constitutes a judicial interpretation of §3553 that expands the criminal penalty for federal crimes. As a result, it cannot be applied retroactively to the detriment of defendants who committed offenses prior to Booker.

The Booker Court's remedial interpretation of § 3553 meets the two part test

3

for non-retroactivity enumerated in Rogers because it was (1) unexpected, and (2) indefensible by reference to the law which had been expressed prior to the conduct in issue. Rogers, 532 U.S. at 457.

The test for whether Booker was "unexpected" focuses on Justice Breyer's remedy opinion, not on the Sixth Amendment holding. The remedy opinion contains the judicial construction of § 3553 by striking the mandatory provisions of the guidelines, thereby raising the maximum sentence. This construction was unexpected as it directly contradicts the plain language of §3553 (b)(1), which stated that "the court shall impose a sentence" in accordance with the guidelines. There is nothing in §3553 that foreshadows the Court's advisory guidelines construction. Moreover, the Court has given §3553 the mandatory construction in several cases. See Stinson v. United States, 508 U.S. 36, 42 (1993) (reaffirming the binding nature of guidelines, citing prior decisions).

The remedial majority's construction of § 3553 is "indefensible by reference to the law which had been expressed prior to the conduct in issue," as the remedial majority cited no prior decision supporting its construction of the statute (see Bouie, 378 U.S. at 354 ) and all of the Court's prior cases construing the statute had held that the Guidelines were mandatory. Consequently, there was nothing in the prior law that the Court could rely upon to support its construction/excision of § 3553 (b)(1), thus, it was "indefensible" by reference to prior law.

4

With both prongs of the non-retroactivity test met, the <u>Booker</u> remedy cannot be applied to the detriment of the Defendant since the offense was committed prior to the <u>Booker</u> decision. Prior to <u>Booker</u>, the plain statutory language of §3553 (b)(1) and case law construing the statute put criminal defendants on notice that the guidelines were binding. <u>Booker</u> unexpectedly disposed of the binding, mandatory language of §3553 (b)(1), thereby raising the statutory maximum sentence. The Ex Post Facto Clause prohibits legislature from retroactively applying such changes, while the Due Process Clause prohibits courts from retroactively applying such changes. See <u>United States v. Marks</u>, 430 U.S. 188, 191-192 (1977).

Due process principles disallow imposition of an increased sentence based on the <u>Booker</u> decision, notwithstanding the benefit conferred by its holding. See <u>Marks</u>, 430 U.S. at 196-197 (holding that Due Process Clause precludes application of standards expanding criminal liability for obscenity under <u>Miller v. California</u>, 413 U.S. 15 (1973), for offense committed before <u>Miller</u> was decided, but that nonetheless, "any constitutional principal enunciated in <u>Miller</u> which would serve to benefit petitioners must be applied in their case").

## II. Conclusion

The Defendant respectfully submits that to the extent that the Government is advocating for an allowable sentence above 16 months, the Government's argument should be rejected. Nor should the Government's recent submission

5

negatively influence the Court's consideration of the Defendant's submission for a downward departure from the sentence of 10 – 16 months as set out in the Guidelines prior to consideration of the factors contained in the statute and the Defendant's submissions.

    THE DEFENDANT,
    GARY BLONDER

By: _____
James W. Bergenn
Fed. Bar No. ct00006
Moira L. Buckley
Fed. Bar No. ct18803
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-2819
(860) 251-5000
(860) 251-5319 (fax)
jbergenn@goodwin.com
mbuckley@goodwin.com

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum was hand-delivered on this 2nd day of June, 2005 to:

James Genco, Esq.
Assistant United States Attorney
United States District Court
450 Main Street
Hartford, CT 06103

Jacqueline Carroll
U.S. Probation Officer
Connecticut Financial Center
157 Church Street, 22nd Floor
New Haven, CT 06510

Moira L. Buckley